# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-61496-RAR

**DANIEL MONCADA,**

      Plaintiff,

vs.

**INTRIGUE COUTURE, INC.,** a
**Florida for-profit Corporation**

      Defendant.

_____/

### AFFIDAVIT OF RODERICK V. HANNAH, ESQ. IN SUPPORT OF CLAIM FOR ATTORNEY'S FEES, COSTS AND EXPENSES

STATE OF FLORIDA        )
                                     )ss:
COUNTY OF BROWARD    )

BEFORE ME, the undersigned authority, personally appeared RODERICK V. HANNAH, ESQ., who, being first duly sworn and under oath, deposes and says:

1. I declare under penalty of perjury that the following facts are true and correct to the best of my information and belief:

2. I am and have been from the beginning of this case the lead attorney for the Plaintiff in this action.

3. I am a solo practitioner who has been practicing law in South Florida, concentrating in the area of labor and employment law, as well as public accommodation discrimination claims under Florida and Federal law, including Title III of the Americans with Disabilities Act ("ADA"). I have been a practicing attorney

1

        concentrating in labor and employment law in the South Florida legal community for over 33 years, since my admission to the Florida Bar in October 1984. During that time, I have handled hundreds of discrimination-related cases, including many cases brought under the ADA. As a lead counsel, I have successfully handled and tried before juries and courts, and have also arbitrated, numerous employment and other discrimination cases in both state and federal court.

4. As set forth on my law firm's and my attorney detail of my time spent litigating this case, attached as Exhibit "1", I have personally spent a total of 5.00 hours of attorney time on the case. My hourly rate for the case was based on my customary hourly rate charged for public accommodation discrimination related litigation of $425. The total attorney's fees are $2,125.00, representing 5.00 hours of attorney time at $425 per hour.

5. I have taken into consideration the 12 factors that the Court must examine in determining the reasonableness of an attorney's fee award, as set forth in *Jones v. Central Soya Co.*, 748 F.2d 586, 588 (11th Cir. 1984):

    a) the time and labor required;

    b) the novelty and difficulty of the questions;

    c) the skill requisite to perform the legal service properly;

    d) the preclusion of other employment by the attorney due to the acceptance of the case;

    e) the customary fee;

    f) whether the fee is fixed or contingent;

    g) time limitations imposed by the client or the circumstances;

    h) the amount involved and the results obtained;

2

      i)     the experience, reputation and ability of the attorneys;

      j)     the "undesirability" of the case;

      k)     the nature and length of the professional relationship with the client; and

      l)     awards in similar cases.

6. As for the time and labor required on the case, as can be seen from the attached attorney time detail, I devoted a substantial amount of my personal time and labor to the case. Plaintiff's counsel, comprised exclusively of me and my co-counsel Pelayo M. Duran, Esq., necessarily spent a total of 10.7 hours working on this case. In addition, the time amounts in our proffered time records do not account for any attorney time and costs which will be needed to be expended on our post-judgment efforts such as continuing to check on the Defendant's website/mobile site compliance. The time spent was reasonably necessary to vet, prepare and file the case and secure the final default judgment obtaining the complete injunctive relief requested.

7. As for the novelty and difficulty of the issues presented in the case, it is estimated that there are very few firms nationwide that litigate Title III ADA claims, especially in the burgeoning and as yet developing area of company mobile website accessibility to blind and visually disabled persons. Effective representation of plaintiffs in ADA actions requires not only sophisticated general litigation skills, such as familiarity with the rules of evidence and procedure, but, in addition, presents numerous issues regarding entitlement to injunctive relief, Article III standing, barriers to access, undue burden, exemptions, new construction and alterations versus pre-ADA construction, extensive knowledge of the ADA and the

Case 0:19-cv-61496-RAR   Document 17-1   Entered on FLSD Docket 10/02/2019   Page 5 of 11

applicable WCAGs (relevant ADA accessibility guidelines), the Technical Assistance Manual and a multitude of other guides issued by the Department of Justice, the developing body of case law issued by the courts nationwide, and finally whether remedial measures are "readily achievable." In addition, it is not unusual for Plaintiff's attorneys to find themselves opposed by the substantial financial and legal resources of corporate defendants. For those reasons, I submit that the novelty and difficulty of the issues presented in ADA actions, and the skill requisite to properly address such issues, justify a higher rate than many other areas of practice.

8. With regard to the skill required to properly perform the services in the case, I have significant litigation experience in both Federal and state court and have significant experience in civil rights cases, including ADA Title III litigation. Again, I have over 33 years of litigation and trial experience in South Florida, including handling a wide array of cases in the Southern District of Florida. As lead or sole counsel, I have handled many federal cases involving discrimination matters, including cases arising under the ADA in both the employment and public accommodation contexts. I currently devote a large portion of my practice to ADA Title III accessibility issues, in particular to issues involving company website accessibility.

9. Because of the time and numerous hours that had to be devoted and spent on properly handling all phases of this case, I was precluded from accepting other viable employment cases, and even had to turn cases down. Indeed, because of the negative publicity and attitude that many have toward Title III ADA actions, I am predictably precluded from other employment based on acceptance of this and similar cases. For instance, it is highly unlikely that I would attract business

4

clientele who would pay me hourly rates. It has in fact been recognized that civil rights plaintiffs' work is oftentimes undesirable, and that plaintiffs' attorneys are economically impacted by their decision to help the civil rights litigant. Additionally, in the instant case, the Plaintiff's rights, and those of all blind and visually disabled individuals, were vindicated by me and my co-counsel working on this case, the time which could have been spent on other matters.

10. The hourly rate of $425 I charged for this case is my customary hourly rate for handling these matters. Indeed, it is included in my retainer agreements with each of the Plaintiffs in this case as the hourly rate applicable for court awarded attorney's fees. Our retainer agreement for the representation of Plaintiff in this case is attached to the accompanying Application for Attorney's Fees etc. as Exhibit "C".

11. As reflected in the proffered retainer agreement, Mr. Duran and I took this case on a contingency fee basis and agreed to advance all costs in the case on behalf of the Plaintiff. There thus was a real risk of our obtaining no payment for the time we spent and in not being reimbursed for our advanced costs and expenses. Despite this substantial risk, we successfully litigated the case and secured mobile website remediation as requested in our Complaint.

12. There were no extraordinary time constraints placed upon our services by Plaintiff. However, there were a number of Court deadlines which had to be met which required work with our expert to determine the necessary remediation plan and efforts to have Defendant's website become ADA compliant.

13. The results that were obtained by our efforts were significant substantially as they will, if complied with by Defendant, increase the accessibility of Defendant's website to blind and visually disabled individuals nationwide.

14. As for the length of my professional relationship with the Plaintiff, I have over the past year successfully ligated, settled and achieved numerous website remediations on behalf of Plaintiff, and on each case I personally interacted and dealt with the Plaintiff throughout this case and all others. This close and extended professional relationship with the Plaintiff helped to secure the successful and efficient prosecution of the case and ultimately the attainment of a favorable result of full mobile webize remediation for Plaintiff and all other visually disabled individuals.

15. I am aware of recent Court awards of $420 and up for hourly rates in ADA cases in the Southern District of Florida for attorneys with the same or comparable, and sometimes less, experience than me. Examples of these cases are *Houston v. Arshak Corp.,* Case No. 13-cv-60752 (S.D. Fla. 2013) – a case resolved five years ago -- plaintiff's counsel was awarded $420.00 per hour [see ECF Nos. 15 & 17]. In *Access 4 All, Inc. v. The TJX Companies, Inc.,* Case No: 11-cv-80109 (S.D. Fla.) – a case decided over seven years ago -- counsel for the defendant represented to the Court that $450.00 per hour was the rate for "senior" attorneys. [see ECF No. 30, at 11-12]. In *Houston v. South Bay Investors,* Case No. 13-CV-80193 (S.D. Fla. July 25, 2013) – a case decided five years ago -- the Court found that the Plaintiff's requested hourly rate of $420.00 was "reasonable in light of counsels' experience and citation to other cases in this district wherein the courts approved an identical rate." In *Kennedy v. 5096 Forest Hill Investments, LLC,* Case No. 15-

6

cv-81001, at ECF No. 21 (S.D. Fla. October 21, 2015) the Court found an hourly rate of $420 to be reasonable. Courts in other jurisdictions have also approved rates ranging to $430 per hour in similar types of litigation. For example, in *Rodriguez v. McLoughlin,* 84 F.Supp.2d 417 (S.D.N.Y. 1999) – a case now nine years old -- the court awarded the supervising attorney in a civil rights action $425 per hour. Indeed, hourly rates in the $400 to $430 range are not limited to large firms. *See, e..,  New York State NOW v. Pataki,* 2003 WL 2006608, at *2 (S.D.N.Y. Apr 30, 2003) (approving a rate of $430 an hour for a small civil rights litigator).

16. I believe that my hourly rate and attorney time spent on this case have been reasonable and support an award to me of the claimed attorney's fees of $2,125.00.

17. In addition, as set forth on the attached attorney time detail (Exhibit "1"), I incurred a total of $22.50 in photocopying charges that were necessarily expended in connection with the filings made in this case. These costs are taxable and recoverable per 28 U.S.C. §1920(4), fees for exemplification and copies of papers necessarily obtained for use in the case.

FURTHER AFFIANT SAYETH NAUGHT.

By _____
RODERICK V. HANNAH

SWORN TO and subscribed before me by RODERICK V. HANNAH, ESQ., who is personally known to me or showed me _____ as proof of identification, this 2nd day of October, 2019.

_____
NOTARY PUBLIC, STATE OF FLORIDA

My commission expires: 

Notary Public State of Florida
Kathryn G Flynn
My Commission GG 354236
Expires 07/16/2023

# EXHIBIT 1

| 9/30/2019 | Law Office of Roderick V. Hannah, Esq., P.A. | |
|---|---|---|
| 1:01 PM | Pre-bill Worksheet | Page 1 |

## Selection Criteria

| Clie.Selection | Include: Moncada, Daniel v. Intrigue Co |
|---|---|

| | |
|---|---|
| Nickname | Moncada, Daniel v. Intrigue Co \| 2494.148 |
| Full Name | Daniel Moncada |
| Address | |
| Phone | Fax |
| Home | Other |
| In Ref To | Daniel Moncada v. Intrigue Couture - ADA Website Discrimination |
| Fees Arrg. | By billing value on each slip |
| Expense Arrg. | By billing value on each slip |
| Tax Profile | Exempt |
| Last bill | |
| Last charge | 9/25/2019 |
| Last payment | Amount $0.00 |

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 6/14/2019 36148 | RVH Misc | 425.00 | 1.00 | 425.00 | Billable |
| | Prepare revise and finalize Complaint; update website and pacer vetting. | | | | |
| 7/20/2019 36204 | RVH Misc | 425.00 | 0.10 | 42.50 | Billable |
| | Review order requiring certificate of counsel regarding prior ADA filings. | | | | |
| 7/26/2019 36423 | RVH Prepare | 425.00 | 1.00 | 425.00 | Billable |
| | Prepare, revise and finalize certificate of counsel re prior ADA cases; update Pacer review. | | | | |
| 8/30/2019 36683 | RVH Misc | 425.00 | 1.20 | 510.00 | Billable |
| | Prepare revise and file motion for entry of default judgement and proposed final default judgement. | | | | |
| 9/3/2019 36696 | RVH Review | 425.00 | 0.20 | 85.00 | Billable |
| | Review order granting motion for entry of default judgement and final judgement. | | | | |
| 9/25/2019 36779 | RVH Finalize | 425.00 | 1.50 | 637.50 | Billable |
| | Prepare, revise and finalize application and affidavit for fees, costs and expenses. | | | | |
| TOTAL | Billable Fees | | 5.00 | $2,125.00 | |

9/30/2019  
1:01 PM

Law Office of Roderick V. Hannah, Esq., P.A.  
Pre-bill Worksheet

Page    2

Moncada, Daniel v. Intrigue Co:Daniel Moncada (continued)

| Date<br>ID | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 8/30/2019<br>36775 | RVH<br>Copying<br>Photocopies - | 0.30 | 30.000 | 9.00 | Billable |
| 9/24/2019<br>36776 | RVH<br>Copying<br>Photocopies - | 0.30 | 45.000 | 13.50 | Billable |
| TOTAL | Billable Costs | | | | $22.50 |

### Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips<br>By billing value on each slip. | | |
| Total of billable time slips | $2,125.00 | |
| Total of Fees (Time Charges) | | $2,125.00 |
| Costs Bill Arrangement: Slips<br>By billing value on each slip. | | |
| Total of billable expense slips | $22.50 | |
| Total of Costs (Expense Charges) | | $22.50 |
| Total new charges | | $2,147.50 |
| New Balance<br>Current | $2,147.50 | |
| Total New Balance | | $2,147.50 |
| Funds Account: Default<br>Previous account balance<br>Total added to account<br>Total removed from account | $0.00<br>$0.00<br>$0.00 | |
| New account balance | | $0.00 |
| Amount to replenish account to $0.00 | $0.00 | |