UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61496-CIV-RUIZ/SELTZER

DANIEL MONCADA,

    Plaintiff,

vs.

INTRIGUE COUTURE, INC., a
Florida for-profit corporation,

    Defendant.
                                               /

## REPORT AND RECOMMENDATION

**THIS CAUSE** has come before the undersigned pursuant to the District Court's Order Referring Case [DE 19] to the Magistrate Judge for appropriate disposition or recommendation Plaintiff's Bill of Costs [DE 15] and Application for Attorney's Fees, Costs, and Litigation Expenses [DE 17] (collectively, the "Motions"). Upon referral, the undersigned issued an Order to Show Cause [DE 21] directing Defendant to show cause in writing why the Motions should not be granted. Defendant has not responded to the Motions, and they are now ripe for consideration.

I.    BACKGROUND

This was an action brought under the Americans with Disabilities Act (ADA). On August 31, 2019, the Court entered a Final Judgment [DE 12] in Plaintiff's favor following entry of a default [DE 10]. Plaintiff now seeks to recover costs and attorney's fees pursuant to 28 U.S.C. § 1920 and the ADA, 42 U.S.C. § 12205. He seeks $526.50 in taxable costs, $4,547.50 in attorney's fees, and $1,935 for expert witness fees.

II.    ANALYSIS

    A.    <u>Taxable Costs</u>

Rule 54(d), Federal Rules of Civil Procedure, provides that "unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Plaintiff is the prevailing party, and Defendant has not objected to the costs requested. Plaintiff seeks to tax $400 for fees of the Clerk, $105.30 for service of the summons, and $21.20 for fees and disbursements for printing. "Fees of the clerk and marshal" may be taxed as costs. 28 U.S.C. § 1920(1). Likewise, costs of photocopies are taxable. 28 U.S.C. § 1920(4). Plaintiff has submitted proof of his taxable costs [DE 15]. Accordingly the undersigned recommends that the district court tax $526.50 in favor of Plaintiff.

    B.    <u>Attorney's Fees and Non-taxable Costs</u>

In ADA cases, the court, in its discretion, "may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual." 42 U.S.C. § 12205; <u>H.C. v. Bradshaw</u>, 2019 WL 5079773, at *2 (S.D. Fla. Oct. 10, 2019). Plaintiff seeks to recover attorney's fees and expert witness costs pursuant to 42 U.S.C. § 12205. The undersigned recommends that both be awarded.

    1.    <u>Attorney's fees.</u>

The reasonableness of attorney's fees in this circuit is determined by the lodestar method, whereby the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983); <u>Norman v. Housing Auth. of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988). The party seeking the

award of fees must document the hours worked and claimed. Sierra v. JRF, Inc., 2017 WL 1929961, at *1 (S.D. Fla. Jan. 9, 2017). The court may only award fees for hours that were "reasonably expended" and should exclude from the initial fee calculation any hours that were not reasonably expended. Id. (citing Hensley, 461 U.S. at 433-34). The court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1299.

Plaintiff has submitted affidavits of two attorneys, Pelayo M. Duran and Roderick V. Hannah [DE 17-1 and 17-2]. Plaintiff seeks to recover 5.0 hours of time at a rate of $425 per hour for the lead attorney, Roderick V. Hannah, and 5.7 hours of time at a rate of $425 per hour for co-counsel Pelayo M. Duran. The undersigned has reviewed the time records of both attorneys and concludes that the hours expended were reasonable. The tasks performed did not overlap, and the work recorded was both relevant and proportional to the litigation. As for the hourly rate, the undersigned concludes that $425 per hour is reasonable and consistent with the rate charged by attorneys of similar skill and experience in this community. Accordingly, the undersigned recommends that this Court award attorney's fees to Plaintiff in the amount of $4,547.50.

2. Expert Witness Fee

Plaintiff seeks to recover litigation expenses of $1,935, comprised of the expert witness fee and the services of an expert witness, Robert D. Moody. Plaintiff has submitted both a C.V. as to Moody's qualifications and an invoice for the services rendered [DE 17-4 and 17-5]. A Declaration of Robert D. Moody was attached to Plaintiff's Complaint [DE 1-1] and was related to the ADA claims.

"A prevailing ADA plaintiff may recover expert fees as a litigation expense." H.C., 2019 WL 5079773, at *2 (quoting Hansen v. Deercreek Plaza, LLC, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006)). Plaintiff has established that Moody's services were necessary and related to the litigation and that the hourly rate and hours expended were reasonable. Accordingly, the undersigned recommends that costs in the amount of $1,935 be taxed in favor of Plaintiff for the expert witness fee of Robert D. Moody.

III.   CONCLUSION

For the reasons set forth above, the undersigned concludes that Plaintiff, as the prevailing party in this ADA case, is entitled to recover his costs, attorney's fees, and litigation expenses. Accordingly, the undersigned **RECOMMENDS** that the Court enter an Order granting Plaintiff's Bill of Costs [DE 15] and Application for Attorney's Fees, Costs, and Litigation Expenses [DE 17] and award Plaintiff costs of $526.50, attorney's fees of $4,574.50, and expert witness fees of $1,935.00.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and

legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers, Fort Lauderdale, Florida, this 18th day of October 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. Rodolfo A. Ruiz
Counsel of Record

and via U.S. Mail, First Class to:

Intrigue Couture, Inc.
c/o Barbara Portland, Registered Agent
8709 Banyan Ct.
Tamarac, FL 33321